### Wood *v.* Stubbs.

Atkinson, J. 1. Where, under Civil Code § 5335 (commonly known as the "blind-tiger" law), a verified petition was presented to the presiding judge, sufficiently alleging that the nuisance was existing and continuing, and praying that the defendant be enjoined from selling spirituous, malt, or intoxicating liquors at a certain place, and the judge

set a time for the hearing of such application and granted a temporary restraining order to operate in the meantime, and where after service thereof the defendant violated such restraining order and a rule was issued against him to show cause why he should not be punished for contempt, the restraining order was not void, so as to furnish no basis for the contempt proceeding, on the ground that the original petition did not allege facts which would authorize the court to take jurisdiction, or contain a specific prayer for such a temporary order. There was no error in refusing to set aside the restraining order on the grounds mentioned.

2. The evidence was sufficient to authorize the judgment finding the respondent to be in contempt.

*Judgment affirmed. All the Justices concur, except Fish, C..J., absent.*

JANUARY 18, 1915.

Rule for contempt. Before Judge Charlton. Chatham superior court. January 10, 1914.

*Osborne & Lawrence,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* and *George H. Richter,* contra.